United States District Court
Middle District of Florida
Jacksonville Division

**UNITED STATES OF AMERICA**

v.  NO. 3:24-cr-110-TJC-PDB

**DERRICK TISDALE**

---

# Order

A federal grand jury charged the defendant with having possessed a Glock 9mm pistol while knowing that he had been convicted of a felony. Doc. 1. He was arrested in another district in January 2025 and released on conditions that included not violating any law. Doc. 8-4 at 1. Based on a plea, the court adjudicated him guilty in July 2025, Doc. 31, and scheduled the sentencing hearing for November 21, 2025, Doc. 36.

The defendant's criminal history includes arrests for domestic-related batteries in November 2022 and January 2025. Both arrests involved an allegation that he grabbed a woman by her neck; one involved an additional allegation that he punched a woman in the face. Both times, the alleged victim refused to cooperate, and the charges were dismissed.

The defendant was arrested more recently on October 2, 2025, and again charged with a domestic-related battery. Doc. 37 at 5–8. According to the arrest affidavit, "Both parties [(the defendant and a woman he has been dating since last year)] suffered visible bruises to their arms. Due to the nature of the call, we were unable to determine the primary aggressor[.] We have responded to

this residence on several occasions for domestic battery incidents, and arrests of one or both parties have been made[.] Both parties were taken into custody for Domestic Battery[.]" Doc. 37 at 6. The next day, a state magistrate found probable cause to believe that the defendant committed the offense of disorderly conduct. Doc. 41-1.

Through an order entered on October 16, 2025, the court directed the defendant to appear on October 30, 2025, at 11:00 a.m., and show cause why the conditions of his release should not be modified or his release revoked under 18 U.S.C. §§ 3143 or 3148. Doc. 39. The next day, the state attorney declined to prosecute the state charge and filed a "no information." As a result, the defendant now moves for reconsideration of the order, arguing that there is no longer a basis for it. Doc. 41. The United States agrees. Doc. 43.

The court disagrees. No state-related findings govern proceedings under §§ 3143 or 3148. What the defendant allegedly told the arresting officer or officers differs from what he allegedly told his Pretrial Services Officer. His Pretrial Services Officer reports that the defendant remains living with the woman described in the arrest affidavit. Although the defendant must travel to this district for the hearing, video teleconferencing is unavailable because of the evidentiary nature of the hearing and because he will be remanded into custody to await the sentencing hearing if he cannot satisfy his "clear and convincing" burden under § 3143(a).

2

The motion for reconsideration, Doc. 41, is **denied**. The order to show cause stands.

**Ordered** in Jacksonville, Florida, on October 28, 2025.

Patricia D. Barksdale
United States Magistrate Judge

c:   John Cannizzaro, Assistant United States Attorney
     Sabra Barnett, Assistant Federal Defender